UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                )
ANTONIO SHERROD,                                )
                                                )
                Plaintiff,                      )
                                                )
        v.                                      )    Civil Action No. 18-1307 (ABJ)
                                                )
U.S. DEPARTMENT OF JUSTICE *et al.*,            )
                                                )
                Defendants.                     )
_____         )

**MEMORANDUM OPINION**

Pending in this FOIA case is defendants' second supplemental motion for summary judgment.  Dkt. 107.  *See* Mar. 28, 2023 Mem. Op. and Order [Dkt. 77] ("Mem. Op. I") (granting in part and denying in part defendants' motion for summary judgment and denying plaintiff's cross motion for summary judgment); and Mar. 28, 2024 Mem. Op. and Order [Dkt. 93] ("Mem. Op. II") (granting in part and denying in part defendants' supplemental motion for summary judgment and denying plaintiff's cross motion for summary judgment).  For the reasons explained below, defendants' motion will be granted.

**BACKGROUND**

Plaintiff is serving two consecutive life sentences plus a concurrent term of 10 years for carjacking with intent to cause death and serious bodily harm and related crimes committed on March 16, 2003, in Kankakee, Illinois.  The offenses were captured on a gas station's surveillance camera, and plaintiff has requested those videotapes along with various other records pertaining to the criminal investigation and his prosecution in the U.S. District Court for the Central District of Illinois.  Plaintiff's FOIA requests sought records from the Federal Bureau of Investigation,

Bureau of Alcohol, Tobacco, Firearms and Explosives ("ATF"), and Executive Office for United States Attorneys ("EOUSA").[1]

In the decision issued by the Court on March 28, 2024, defendants were ordered to supplement the record with respect to the search for and referral of 13 missing discs that were forwarded to EOUSA from the U.S. Attorney's Office in the Central District of Illinois.  On July 17, 2024, defendants notified the Court that EOUSA conducted an additional search for the discs, located "copies of the video files on the thirteen discs," referred them to ATF for processing, and, on July 12, 2024,  released them to plaintiff "with only minimal redactions."  Defs.' Status Report and Mot. for an Ext. of Time to File Second Supp. Mot. for Summ. J. [Dkt. 95] at 1; *see* Decl. of Peter Paoli [Dkt. 107-3] ¶¶ 5-29 (attesting to comprehensive search for electronic media materials and the processing of thirteen discs).

On August 26, 2024, plaintiff expressed his satisfaction with the "release of the videos" and identified the only remaining dispute as a missing "9-1-1 recording" that was "listed on the Government's Exhibit List at plaintiff's criminal trial" and the subject of testimony during the trial.  Pl.'s Status Report [Dkt. 98] at 1-2.  Plaintiff stated that he would "cease litigation" and move to dismiss the case if the government released certain portions of the recording.  *Id*. at 2.

On October 30, 2024, defendants advised the Court "that EOUSA is unaware of the 9-1-1 recordings referenced by Plaintiff," and "it has no 9-1-1 recordings subject to plaintiff's FOIA requests in its files."  Defs.' Status Report [Dkt. 100].  So on January 21, 2025, plaintiff filed a motion for a briefing schedule to address the remaining dispute, which the Court granted.  Initially,

---

1  *See* Mem Op. I at 1-8 for a fuller description of the factual and procedural background of these proceedings, and at 8-9 for the legal standard to be applied to motions for summary judgment, both of which are incorporated here and need not be repeated.

defendants' motion was due on May 2, 2025, and plaintiff's opposition, combined with any cross motion for summary judgment, was due on June 16, 2025. In the interim, the Court granted defendants' motion for an extension of time and set June 16, 2025 as the deadline for defendants' motion and July 31, 2025 as the deadline for plaintiff's response. Apr. 16, 2025 Min. Order.

On June 20, 2025, in response to defendants' timely filed motion for summary judgment, the Court issued an order reminding plaintiff of his obligation to respond to defendants' motion by July 31, 2025, and the consequences if he failed to respond. *Fox-Neal* Order [Dkt. 109] ("If plaintiff fails to oppose the motion by that date, the court may grant the motion based on defendants' documented assertions in the supporting memorandum and enter judgment in defendants' favor."). On July 23, 2025, the Court *sua sponte* extended plaintiff's deadline to September 1, 2025, in view of a prison transfer that could have delayed his receipt of defendants' motion. On September 17, 2025, the Court granted plaintiff's motion for an extension of time and extended his deadline to November 3, 2025, with the caveat that that no further extensions would be granted. As of today's date, plaintiff has not filed a response, nor has he sought additional time to do so. Therefore, the Court will address defendants' motion as unopposed.

## ANALYSIS

Courts must "state on the record the reasons for granting or denying" a motion for summary judgment. Fed. R. Civ. P. 56(a). When considering the motion, "the Court may assume that facts identified by the moving party in its statement of material facts are admitted, unless such a fact is controverted in a statement of genuine issues filed in opposition to the motion." LCvR 7(h)(1). The Court, having warned plaintiff of this possibility, will treat defendants' factual assertions as undisputed.

3

In April 2025, staff at the U.S. Attorney's Office in the Central District of Illinois searched its files for the 9-1-1 recording and "confirmed" that any such recordings "that might once have been in its possession" were "returned to the Kankakee Police Department" for disposal "in accordance with department policy." Defs.' Second Supp. Stmt. of Material Facts as to Which There is No Genuine Dispute ¶ 3, Dkt. 107-1 (citing Paoli Decl. ¶ 21). Nevertheless, Office staff "conducted a renewed search for [the] 9-1-1 recordings in its remaining files relating to Plaintiff's criminal case" and located nothing responsive. *Id*. ¶ 4 (citing Paoli Decl. ¶¶ 22-28). The search covered the Office's "physical and electronic case files" and included the declarant's personal outreach to individuals knowledgeable about the criminal proceedings and the records sought, namely, his predecessor at the Office, "the I.T. Specialist who maintains the proper storage of older closed files, the original AUSA who prosecuted this matter, and the criminal paralegal familiar with the AUSA's files." Paoli Decl. ¶ 29.

Defendants have satisfied their burden to adduce evidence demonstrating a reasonably adequate search for the 9-1-1 recording. *See* Mem. Op. I at 10-11 (search standard). Plaintiff has not refuted defendants' declaration or otherwise questioned EOUSA's plausible explanation for not locating the recording in its files, and "possession or control" of a record "is a prerequisite to FOIA disclosure duties[.]" *Kissinger v. Reporters Committee for Freedom of the Press*, 445 U.S. 136, 152 (1980).

Accordingly, the Court concludes that defendants have satisfied their FOIA obligations with respect to the sole remaining issue in this case, and they are now entitled to judgment as a matter of law. A separate order accompanies this Memorandum Opinion.

AMY BERMAN JACKSON
United States District Judge

DATE: March 11, 2026